# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Conservatorship of STEPHEN MICHALAK.

STEPHAN PP MICHALAK,

        Petitioner-Appellant,

v

CIRCLE OF LIFE SERVICES CONSERVATOR,

        Respondent-Appellee.

UNPUBLISHED
December 1, 2016

No. 329198
Saginaw Probate Court
LC No. 15-132724-CA

Before: OWENS, P.J., and HOEKSTRA and BECKERING, JJ.

OWENS, P.J., (DISSENTING.)

I respectfully dissent. The issue before the trial court was whether Mr. Michalak's disability had ceased. If it had, the trial court would be required to terminate the conservatorship. MCL 700.5431.

The majority asserts that "there is no evidence that Michalak ever mismanaged his finances." To the contrary, there was evidence that, prior to the appointment of a conservator, Michalak did not know the extent of his assets, claiming they were worth about $70,000, rather than the actual value of about $1,000,000, and that the bank would not cash a check he had written because "the name and the date were so far off." Subsequent to the appointment of a conservator, Michalak told Dr. Movva that he "used to have [one] million dollar, now it is less than 90,000," he "paid the same bill three times in one month," and he claimed "that someone else has used his credit card," which subsequent credit card statements showed was untrue. Dr. MacInnes found Michalak to require "some intervention and compensatory devises [sic] to manage his finances.

Based on the foregoing, it is clear that there was insufficient evidence presented that Michalak's previously established disability had ceased, and, in fact, the evidence showed that it continued. Therefore, the court did not err in declining to terminate the conservatorship.

The majority vacates and remands with instructions to the trial court to "determine the least restrictive means of protecting Michalak's assets in light of Michalak's specific capabilities and incapacities"; in other words, to consider a limited conservatorship or other protective order.

-1-

Indeed, had I been the trial judge I probably would have appointed a limited conservator with authority over all of Michalak's assets, reserving to Michalak the right to spend a limited amount, such as $25 or $50 per week, without approval of the conservator.[1]  However, I was not the trial judge and did not observe Michalak and the witnesses as did he.

Based on the evidence before the trial court that Michalak's disability continued rather than ceased, I cannot find that the trial judge abused his discretion.  Therefore, I would affirm.


/s/ Donald S. Owens

---

[1] It appears from the evidence that while this is a full conservatorship in law, it is a limited conservatorship in practice, thanks to the efforts of the conservator to encourage Michalak's maximum self-reliance and independence by permitting him to have use of a checkbook and credit card.  While "90% of the [credit card] charges are from restaurants," this shows that his conservator has given him the opportunity to exercise discretion in the spending of money for his day-to-day living expenses (primarily restaurant meals) while his very significant assets are protected and important bills are paid for him by his conservator.